1 | **Douglas L. Mahaffey, Esq., SBN 125980**
**MAHAFFEY LAW GROUP**
2 | A Professional Corporation
4 San Joaquin Plaza, Suite 320
3 | Newport Beach, California 92660
Telephone: (949) 833-1400
4 | Facsimile: (949) 263-8736
Email: dougm@mahaffeylaw.com
5 | Attorneys for Trinity Christian Center of Santa Ana, Inc.
6 |
7 | Michael J. King, Esq., Oklahoma SBN 5036
**WINTERS & KING, INC.**
8 | 2448 East 81st Street, CityPlex Towers, Ste 5900
Tulsa, Oklahoma 74137
9 | Telephone: (918) 494-6868
Facsimile: (918) 491-6297
10 | Email: mking@wintersking.com
Attorney for Trinity Christian Center of Santa Ana, Inc., *Pro Hac Vice Status Approved in*
11 | *related Cases*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/08/2012** at 02:29:00 PM

Clerk of the Superior Court
By Natasha Dorfman,Deputy Clerk

12 |

**SUPERIOR COURT OF CALIFORNIA**

13 |

**COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

14 |

15 | INTERNATIONAL CHRISTIAN
BROADCASTING, INC., a California
16 | Corporation,
17 |
Plaintiff,
18 |
19 | vs.
20 | MICHAEL KOPER, an individual; and
BRITTANY KOPER, an individual; and THE
21 | NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY, a Wisconsin
22 | Corporation; and DOES 1-25,
23 |
24 | Defendants.
25 |
26 |
27 |

**CASE NO: 30-2012-00565340**
***ASSIGNED FOR ALL PURPOSES TO:***
The Honorable John C. Gastelum
*Dept. C-09*

**FIRST AMENDED COMPLAINT FOR:**
1. **CONVERSION -EMBEZZLEMENT,;**
2. **FRAUD-CONCEALMENT;**
3. **BREACH OF FIDUCIARY DUTY;**
4. **CANCELLATION OF INSURANCE POLICIES;**
5. **INJUNCTIVE RELIEF; AND**
6. **RECOVERY OF POSSESSION OF CORPORATE PROPERTY**

Complaint Filed: April 30, 2012

28 |

FIRST AMENDED COMPLAINT

1

*Mahaffey Law Group, P.C.*
4 San Joaquin Plaza, Suite 320
Newport Beach, CA 92660

Mahaffey Law Group, P.C.
4 San Joaquin Plaza, Suite 320
Newport Beach, CA 92660

Plaintiff, **INTERNATIONAL CHRISTIAN BROADCASTING, INC. a**

California Non-Profit Corporation alleges as follows:

<u>**THE PARTIES**</u>

1.      Plaintiff, INTERNATIONAL CHRISTIAN BROADCASTING, INC., ("ICB") is

a California Non-Profit Corporation, with its principal place of business located in the County of

Orange, State of California.

2.      Plaintiff is informed and believes, and thereon alleges, that Defendant, Michael

Koper ("MKoper"), is an individual residing in the County of Nassau, State of New York.

3.      Plaintiff is informed and believes, and thereon alleges, that Defendant, Brittany

Koper ("BKoper"), is an individual residing in the County of Nassau, State of New York.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendants,

MKoper, and BKoper (collectively "KOPER" or "KOPERS") are husband and wife.

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant THE

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY ("NORTHWESTERN") is a

Wisconsin Corporation and doing business in the State of California, County of Orange.

6.      Plaintiff is informed and believes, and thereon alleges, that at all times alleged

herein each Defendant, except NORTHWESTERN, was the agent, principal, co-conspirator,

affiliate, representative, aider and abettor, and/ or partner of the other Defendant and, in doing

the acts hereinafter alleged, was acting within the scope of such relationship and with the

permission, consent, and/or ratification of his or her co- Defendant.

7.      To the extent any individual Defendant is and was conducting business through a

limited liability company, corporation, partnership, or other entity, such individual Defendant

remains personally liable for any and all fraudulent and wrongful conduct carried out through the

use of the entity to further any unlawful act or practice as described herein.

<u>**VENUE AND JURISDICTIONAL ALLEGATIONS**</u>

8.      This litigation concerns the misappropriation of funds by Defendants, through,

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

among other things, forging documents, including, but not limited to, corporate resolutions and

corporate meeting minutes, and breaches of fiduciary duties to a California non-profit

corporation, ands the taking of ICB corporate records all occurred in Orange County, California.

## HISTORICAL FACTS

9.    Plaintiff is informed and believes, and thereon alleges, that the KOPERS at

all times mentioned herein were the agents and or Directors of ICB.

10.    Plaintiff is informed and believes, and thereon alleges the KOPERS as ICB

Directors and agents concealed from their co-ICB Directors that in that role, they had

embezzled or covered up their embezzlement of several hundred thousands of dollars of

ICB monies and assets all to their own personal gain. They engaged in these despicable acts in

part as agents of ICB's ministry known as HEROES UNDER GOD ("HUG"), a charitable

organization established to assist families who members were in or were affected by theatres of

war.

11.    Plaintiff is informed and believes, and thereon alleges, that as ICB Directors and

agents the Kopers forged ICB Corporate records, including, but not limited to, financial records

and corporate resolutions. They did all of this to further their conduct of embezzling ICB monies,

converting ICB assets, and concealing their conduct from their co-ICB Directors. The monies

they embezzled were intended in part for the HEROES UNDER GOD charitable purpose.

12.    BKoper confessed in part to their illegal conduct and admitted it occurred in

the KOPERS role as agents and Directors of ICB.

13.    In a written confession BKoper admitted in part: "Michael and I bought [a] Condo

with HUG [ICB] money ... Michael admitted to me that he created a second escrow because my

Dad kept asking for a closing statement which we didn't have."

14.    The embezzled ICB monies for the unauthorized condominium were no less than

$225,000.

15.    Plaintiff is informed and believes, and thereon alleges, that the KOPERS used

FIRST AMENDED COMPLAINT

1  in part the embezzled ICB's funds to purchase automobiles, life insurance, motorcycles, jewelry,

2  education courses, a fishing boat, and multiple other items for their personal benefit and

3  pleasure.

4      16.    Plaintiff is informed and believes, and thereon alleges, that the KOPERS

5  distributed over $70,000 in cash embezzled from ICB to Michael Koper's uncle, Joseph

6  McVeigh.

7      17.    Plaintiff is informed and believes that the KOPERS also removed ICB property

8  that they have no lawful right to possession of, and have wrongfully detained that property.

9  Demand for return has been made on the KOPERS but they have refused to return the personal

10  property of Plaintiff.

11

12                          **FIRST CAUSE OF ACTION**
                         **Conversion - Embezzlement**
13                          (Against the KOPERS)

14      18.    Plaintiff hereby incorporates by reference, as though fully set forth herein, each

15  of the allegations in Paragraphs 1 through 17 of this Complaint.

16      19.    As Directors and agents of ICB, the KOPERS have intentionally and wrongfully

17  converted, seized and/or diverted funds and assets from ICB in an amount to be proven at trial.

18      20.    As Directors and agents of ICB, the KOPERS have wrongfully exercised

19  dominion over the assets and funds of ICB.

20      21.    As a direct and proximate result of the KOPERS' failure to return these monies

21  and conversion of ICB assets and funds, Plaintiff has incurred damages including, but not limited

22  to, the current value of the converted assets, the converted monies plus prejudgment interest from

23  the date of each act of conversion, all attorneys' fees, and other damages based upon the

24  KOPERS' actions, the exact sum of which will be established at the time of trial.

25      22.    As Directors and agents of ICB, the Koper's conduct was intentional, despicable

26  and fraudulent against Plaintiff, it was done with the intention on the part of these Defendants to

27  deprive ICB of their property, legal rights, or otherwise causing injury and Plaintiff seeks an

28

                        FIRST AMENDED COMPLAINT

Mahaffey Law Group, P.C.
4 San Joaquin Plaza, Suite 320
Newport Beach, CA 92660

1   award of punitive damages in an amount allowed by law and in accordance with the applicable

2   proof, to punish and deter future conduct of the Kopers that is the same or similar.

3                                 **SECOND CAUSE OF ACTION**
                                    **Fraud - Concealment**
4                                   (Against the KOPERS)

5       22.    Plaintiff hereby incorporates by reference, as though fully set forth herein, each

6   of the allegations in Paragraphs 1 through 17 of this Complaint.

7       23.    In their role as agents and Directors of ICB, the Kopers owed a fiduciary duty to

8   ICB and their co-directors to not engage in illegal acts and commit fraud against ICB.

9       24.    In violation of those fiduciary duties, and in their role as ICB agents and

10  Directors, the KOPERS intentionally concealed with intent to defraud ICB the fact that as ICB

11  Directors, they had committed criminal and illegal acts against ICB. Those concealed acts

12  included but are not limited to embezzling ICB assets and funds, forging ICB corporate

13  resolutions, bank statements, financial records, and committing other illegal acts and covering up

14  their conduct.

15      25.    ICB was unaware of the concealed fraudulent conduct of the KOPERS, and

16  did not discover it until approximately August 2011. ICB did not have any reason to suspect the

17  KOPERS' illegal conduct, as ICB had a relationship of trust with them arising out of their role as

18  ICB Directors.

19      26.    The concealment and fraud by the KOPERS was undertaken with the intent to

20  defraud ICB of its assets and monies by abusing their authority and trust as ICB Directors.

21      27.    As a proximate result thereof ICB has been damaged in an amount to be

22  proven at trial.

23      28.    ICB is also entitled to prejudgment interest on each asset and dollar embezzled

24  from the date of each fraudulent occurrence until the full amount of equivalent value has been

25  returned.

26      29.    The aforementioned conduct of the KOPERS was a willful and intentional fraud

27  and or fraudulent concealment of material facts known to the KOPERS while they were ICB

28

FIRST AMENDED COMPLAINT

5

Mahaffey Law Group, P.C.
4 San Joaquin Plaza, Suite 320
Newport Beach, CA 92660

Mahaffey Law Group, P.C.
4 San Joaquin Plaza, Suite 320
Newport Beach, CA 92660

1    Directors. It was done with the intention on the part of these Defendants to deprive ICB of its

2    property, legal rights, or otherwise causing injury and was despicable conduct that subjected

3    ICB, to cruel and unjust hardship in conscious disregard of ICB's rights, which justifies an

4    award of exemplary and punitive damages.

5
                                    **THIRD CAUSE OF ACTION**
6                                 **Breach of Fiduciary Duty/Loyalty**
7                                      (Against the KOPERS)

8        30.    Plaintiff hereby incorporates by reference, as though fully set forth herein, each

9    of the allegations in Paragraphs 1 through 29 of this Complaint.

10       31.    As members of the Board of Directors of ICB and the KOPERS occupied

11   positions of trust and confidence with respect to those entities and were in a fiduciary

12   relationship with ICB, and owed ICB a duty of utmost good faith, loyalty and honesty.

13       32.    The KOPERS' illegal and fraudulent acts as alleged above, including but not

14   limited to their embezzlement of assets and funds, and forgery of ICB records, breached their

15   fiduciary and duty of loyalty to ICB proximately causing ICB damages in an amount according

16   to proof.

17       33.    The breaches were coupled with fraud and deceit and were thus intentional

18   breaches, not negligent. The intentional breaches were done to cause damage and injury to

19   ICB.

20       34.    Based on the KOPERS' intentional breaches of their fiduciary duties, ICB seeks in

21   addition to all damages proximately caused, to disgorge any all ICB compensation,

22   benefits, or other monies that the KOPERS received in their role as ICB Directors or ICB

23   agents.

24       35.    As Directors of ICB, the Koper's conduct was intentional, despicable and

25   fraudulent against Plaintiff, it was done with the intention on the part of these Defendants to

26   deprive ICB of their property, legal rights, or otherwise causing injury and Plaintiff seeks an

27   award of punitive damages in an amount allowed by law and in accordance with the applicable

28   proof, to punish and deter future conduct of the Kopers that is the same or similar.

                              FIRST AMENDED COMPLAINT

Mahaffey Law Group, P.C.
4 San Joaquin Plaza, Suite 320
Newport Beach, CA 92660

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FOURTH CAUSE OF ACTION**
**Cancellation of Insurance Policy, Return of Premiums,**
**and Forfeiture of all Insurance Benefits**
(Against the KOPERS AND NORTHWESTERN)

36.     Plaintiff hereby incorporates by reference, as though fully set forth herein, each of the allegations in Paragraphs 1 through 16 of this Complaint.

37.     In their role as ICB Directors, the KOPERs diverted ICB funds they had embezzled to purchase insurance policies from defendant and indispensible party, NORTHWESTERN.

38.     Plaintiffs are informed and believe that those policies include but are not limited to, Policy #'s 19231874, 18520455, 19231864, and 18520434.

39.     Plaintiff seeks an order of this Court against the KOPERS and NORTHWESTERN declaring those policies cancelled, all benefits if any their under forfeited, and seeks a refund of premiums paid to NORTHWESTERN.

40.     Plaintiff seeks an order compelling the KOPERS to execute all documents as may be required to accomplish this request and subject orders.

**FIFTH CAUSE OF ACTION**
**For Injunctive Relief**
(Against the KOPERS)

41.     Plaintiff hereby incorporates by reference, as though fully set forth herein, each of the allegations in Paragraphs 1 through 30 of this Complaint.

42.     As members of the Board of Directors of ICB the KOPERS occupied positions of trust and confidence with respect to that entity and was in a fiduciary relationship with ICB, and owed ICB a duty of utmost good faith, loyalty and honesty.

43.     Further, as members of the Board of Directors of ICB the KOPERS had access to confidential corporate information including financial books and records, tax advice and filings, donor information, and attorney-client privileged information.

44.     Further, the KOPERS are bound by the terms of Confidentiality Agreements

FIRST AMENDED COMPLAINT

7

Mahaffey Law Group, P.C.
4 San Joaquin Plaza, Suite 320
Newport Beach, CA 92660

1  executed with Trinity Christian Center of Santa Ana ("TCCSA").  The Confidentiality

2  Agreement terms state that the agreement is applicable to all of the TCCSA affiliates.  Plaintiff is

3  an affiliate company of TCCSA.  The terms of the Confidentiality Agreement sets forth the

4  KOPERS obligations to keep the corporate information, records and materials confidential even

5  after termination, and to not disclose or disseminate "Confidential Information" as defined in the

6  agreement received from TCCSA and affiliates including Plaintiff, and an affirmative obligation

7  to return all Confidential Information, including all copies and reproductions of the same upon

8  termination of employment with TCCSA.   True and correct copies of the Confidentiality

9  Agreements are attached hereto as Exhibit C.

10      45.    The KOPERS have breached their fiduciary obligations to Plaintiff and have

11  breached the terms of the Confidentiality Agreements by failing to return all Confidential

12  Information to TCCSA and Plaintiff upon termination of their positions as officers and directors

13  of Plaintiff and termination of the relationship with TCCSA which resulted as a result of the

14  conversion and embezzlement of corporate funds and property as alleged in this Complaint.

15      46.    Further, the KOPERS have entered Plaintiff's corporate offices without

16  authorization following termination. Attached hereto as Exhibits A and B, are schedules  of

17  some of the documents which are known to be in the possession of the KOPERS by virtue of

18  failing to leave all corporate records on the premises or by unauthorized taking of corporate

19  records following termination.  These records are protected under Labor Code §2860 and or the

20  confidentiality agreement.

21      47.    The KOPERS have further breached their fiduciary duties owed to Plaintiff and

22  breached the Confidentiality Agreements by the dissemination of Plaintiff's corporate

23  Confidential Information to third parties including disclosures to the news media and by the

24  filing of confidential corporate information and attorney client privileged communications with

FIRST AMENDED COMPLAINT

Mahaffey Law Group, P.C.
4 San Joaquin Plaza, Suite 320
Newport Beach, CA 92660

1   the court without filing said documents under seal to protect the confidentiality of the documents

2   and thereby making the confidential and privileged documents a matter of public record.

3       48.    Plaintiff is informed and believes that the KOPERS have also obtained

4

5   confidential corporate e-mails and attorney-client privileged e-mails by unauthorized access to

6   the Plaintiff's computer system.

7       49.    Unless the KOPERS are enjoined from disclosing confidential corporate

8   information and information which is protected by the attorney-client privilege Plaintiff will

9   suffer irreparable harm.

10      50.    Plaintiff has no adequate remedy at law and immediate and irreparable harm,

11   injury, loss or damage will result to Plaintiff before the merits of these claims can be heard if the

12   KOPERS are not enjoined from further unauthorized conduct to obtain and to disseminate

13

14   Plaintiff's confidential corporate information and attorney-client privileged information.

15      51.    Plaintiff is entitled to the issuance of an immediate temporary injunction against

16   the KOPERS to remain in force during the pendency of this matter, enjoining them from the acts

17   complained of, as alleged above, and for immediate orders to compel the KOPERS to turn over

18   all of Plaintiff's confidential corporate records and attorney client communications and all copies

19   of the same to Plaintiff to avoid further distribution of the same.  Further, Plaintiff is entitled to

20   preliminary and permanent injunctions enjoining the KOPERS from engaging in such wrongful

21

22   acts.

23                          **SIXTH CAUSE OF ACTION**
                 **Recovery Of Possession Of Corporate Property**
24                             (Against The KOPERS)

25      52.    Plaintiff hereby incorporates by reference, as though fully set forth herein, each of

26   the allegations in Paragraphs 1 through 30 and 41 through 51 of this Complaint.

27      53.    The KOPERS are in possession of property owned by Plaintiff that was obtained

28

                              FIRST AMENDED COMPLAINT

                                        9

Mahaffey Law Group, P.C.
4 San Joaquin Plaza, Suite 320
Newport Beach, CA 92660

through the course of employment or by virtue of performing their fiduciary duties as officers and directors of Plaintiff, and/or following termination through unauthorized access to corporate offices and computer servers.

54.     The KOPERS are in possession of Plaintiff's corporate records and documents including but not limited to those items listed in Exhibits A and B attached hereto and summarized as follows:

- 13 page internal letter from Certified public accountant discussing detailed analysis of the financial records;
- 2 personal and confidential memorandums to the president discussing confidential board information ;
- 9 actions by unanimous written consent of the TBN directors in executive secessions detailing meeting minutes, taken from the corporate minute books;
- an internal supply ledger/purchase order from affiliated company Gener8xion Entertainment taken from locked file cabinets,
- internal memorandum  from the president discussing board confidential information, promissory notes taken from locked file cabinets of the Heroes Under God records (an affiliated corporation);
- internal print outs of the balance sheets,
- profit and loss statements,
- A/R aging and detailed ledgers from Heroes Under God (had been maintained in corporate offices in locked file cabinets);
- complete 2010 Tax Returns and supporting schedules containing non-public information (had been maintained in corporate offices in locked file cabinets);
- attorney-client privileged e-mails copies to the general counsel of TBN containing confidentiality notices that were stolen from the e-mails servers.
- Employment contracts with persons other than the Kopers
- Employee billing and timesheets

FIRST AMENDED COMPLAINT

- Board of Directors Meeting Minutes, including executive session resolutions
- Tax returns for approximately 13 ICB affiliated companies
- Letters/attorney client communications between the General Counsel and Chief Financial Officer of ICB
- E-mails from the President of IBN and between the President and Vice-President of ICB

55.    Plaintiff is entitled to a writ of possession or an order from this court directing the KOPERS to immediately return Plaintiff's personal corporate property including all corporate documents listed herein and as set forth in the attached Exhibits A and B, as well as any additional Confidential Information defined by the Confidentiality Agreement (Exhibit C attached hereto), all attorney client privileged communications,  and documents that may be in the KOPERS, their attorneys, agents, assigns and anyone acting in concert with them or on their behalf.  Further, Plaintiff is entitled to judgment of title, ownership and possession of the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant KOPERS as follows:

### AS TO THE FIRST CAUSE OF ACTION

1.    For monetary damages according to proof;

2.    For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

3.    For an award of interest;

### AS TO THE SECOND CAUSE OF ACTION

1.    For monetary damages according to proof;

2.    For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

FIRST AMENDED COMPLAINT

Mahaffey Law Group, P.C.
4 San Joaquin Plaza, Suite 320
Newport Beach, CA 92660

Mahaffey Law Group, P.C.
4 San Joaquin Plaza, Suite 320
Newport Beach, CA 92660

3.     For an award of interest;

**AS TO THE THIRD CAUSE OF ACTION**

1.     For monetary damages according to proof;

2.     For disgorgement of all monies, benefits, or other compensation that the KOPERS received as Directors or agents of ICB;

3.     For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

4.     For an award of interest;

**AS TO THE FOURTH CAUSE OF ACTION**

1.     For an order cancelling all NORTHWESTERN insurance policies, or any other related NORTHWESTERN entity that placed insurance for the KOPERS.

2.     For an order forfeiting all benefits under any said insurance policies,

3.     For a return of all premiums paid by the KOPERS for said insurance policies

**AS TO THE FIFTH CAUSE OF ACTION**

1.     For injunctive relief enjoining the KOPERS from further unauthorized access to the Plaintiff's corporate offices and computer systems;

2.     For injunctive relief ordering the KOPERS to immediately turn over all copies of the Plaintiff's corporate records and documents subject to the Confidentiality Agreement including but not limited to documents identified in Exhibits A and B to this Complaint and the attorney client privileged communications;

3.     For injunctive relief enjoining the KOPERS from disclosing any Confidential Information or attorney-client privilege communications.

**AS TO THE SIXTH CAUSE OF ACTION**

1.     For a writ of possession or order requiring the KOPERS to immediately turn over all copies of the Plaintiff's corporate records and documents subject to the Confidentiality Agreement including but not limited to documents identified in Exhibits A and B to this Complaint and the attorney client privileged communications.

FIRST AMENDED COMPLAINT

2.      For judgment of title and ownership of all ICB corporate records.

**ON ALL CAUSES OF ACTION**

1.      For costs of suit herein incurred; and attorneys fees as allowed by law or contract, and

2.      For such other and further relief as the Court deems just and proper.

MAHAFFEY LAW GROUP, P.C.

Dated: June 8, 2012                          By: _____
                                                  DOUGLAS L. MAHAFFEY
                                                  Attorneys for Plaintiff

Mahaffey Law Group, P.C.
4 San Joaquin Plaza, Suite 320
Newport Beach, CA 92660

FIRST AMENDED COMPLAINT

13

# Exhibit "A"

# EXHIBIT A

## CONFIDENTIAL RECORDS ATTACHED TO DECLARATION

## OF BRITTANY KOPER

| |
|---|
| **EX "1"**- Thirteen (13) page Internal Letters from the Trinity Christian Center of Santa Ana, Inc. Certified public Accountant discussing detailed analysis of financial records and the tax advice provided to corporation regarding tax returns |
| **EX "2"**- Two (2) "Personal & Confidential" memorandums from the president discussing Confidential Board information |
| **EX "3"**- Nine (9) copies of different Actions by Unanimous Written Consent of the TBN Board of Directors from executive sessions detailing meeting minutes clearly stolen from the corporate minute books |
| **EX "4"**-TBN internal supply ledger/purchase order from Gener8xion X Entertainment taken from locked file cabinets |
| **EX "5"**-Internal memorandums from the president of the board of Directors discussing confidential board information |
| **EX "6"**-Promissory notes taken from the locked file cabinets of the Heroes Under God records |
| **EX "7"**-Balance sheets of Heroes Under God, Inc ('HUGS") |
| **EX "8"**-Profit and loss statements of HUGS |
| **EX "9"**-Accounts receivables aging analysis of HUGS |
| **EX "10"**-Detailed financial Ledgers from HUGS |
| **EX "11"**-Complete 2010 Tax return including schedules and supporting documentation containing non-public information |
| **EX "12"**-Attorney client privileged e-mails from John Casoria, general counsel of |
| |

# *Exhibit "B"*

## EXHIBIT B

## CONFIDENTIAL RECORDS REFERENCED IN RULE 26 STATEMENT FILED IN FEDERAL COURT ACTION BY BRITTANY KOPER

### (Listed on Page 56 through 59)

| |
|---|
| Paul Crouch Authorizations |
| Employee Billing Statements and time sheets |
| Employment contracts with TCCSA employees |
| International Christian Broadcasting board minutes |
| International Christian Broadcasting balance sheets and financial documents sent to Husami & Associates |
| Trinity Christian Center of Santa Ana, Inc. tax returns |
| Trinity Broadcasting of Texas, Inc. tax returns |
| Trinity Broadcasting of Oklahoma, Inc. tax returns |
| Trinity Broadcasting of Indiana, Inc. tax returns |
| Trinity Broadcasting of Denver, Inc. tax returns |
| Trinity Broadcasting of Arizona, Inc. tax returns |
| Jacksonville educators broadcasting, Inc. tax returns |
| San Antonio Community Educational TV, Inc. tax returns |
| Community Educational Television, Inc., tax returns |
| J.W. Bethany, Inc. tax returns |
| All American TV, Inc. tax returns |

| |
|---|
| Trinity Christian Center of Santa Ana, Inc. purchase orders for Gener8xion Entertainment and Gener8xion television |
| Audit letters for Trinity Christian Center of Santa Ana, Inc. |
| Reimbursement records for Matthew and Laurie Crouch from Trinity Christian Center of Santa Ana, Inc, and Holy Land Experience Ministries |
| Memorandum from President of Trinity Christian Center of Santa Ana, to Vice President |
| Payment documentation to visiting Angeles from Trinity Broadcasting Network |
| E-mails between CFO and General counsel regarding International Broadcasting Network Investments |
| E-mails between Paul Crouch, President and John Casoria, general counsel regarding the confidentiality agreement |
| Paul Crouch, President e-mails regarding International Christian Broadcasting |

# Exhibit "C"

## CONFIDENTIALITY AGREEMENT

THIS AGREEMENT is made this _21_ day of _February_, 20_05_ by and among TRINITY BROADCASTING NETWORK, a California corporation (the "Company"), and _Brittany Koper_ the ("Recipient").

WHEREAS, the Recipient and the Company acknowledge that the Company intends to entrust the Recipient with certain business and technical information relating to the Company which may include confidential and proprietary information and trade secrets of the Company;

WHEREAS, the Company is willing to entrust such information to the Recipient only subject to the terms and conditions set forth herein;

NOW, THEREFORE, in consideration of the foregoing premises and the mutual covenants hereinafter set forth, the parties hereto agree as follows:

1. **Confidential Information.** The Recipient acknowledges that all information in any form ("Confidential Information") provided by the Company to the Recipient heretofore or hereafter (other than information which has been released by the Company to the general public or is otherwise readily ascertainable from public or published information or sources) constitutes confidential and proprietary information and includes trade secrets of the Company. The Confidential Information may include patents and patent applications; inventions and improvements, whether patentable or not; development projects; algorithms, software and related documentation and materials; and designs, practices, processes, methods, data, know-how, plans, reports, specifications, studies and other information relating to the Company's business, financial matters, sales' marketing, customers and strategic plans and other aspects of the Company's business, financial condition and operations.

2. **Confidentiality.** The Recipient shall keep the Confidential Information confidential and shall cause any representative, employee or other person to whom the Company authorizes the Recipient to disclose Confidential Information to keep such Confidential Information confidential. The Recipient covenants that neither the unauthorized use thereof. Recipient nor such representative, employee or other person shall disclose the Confidential Information to any person or use the Confidential Information for any purpose other than _____

_____
_____

[describe the purposes for which the information was provided to Recipient.] The obligations of Recipient under this Section 2 shall include the obligation to take all steps necessary to protect the confidentiality of the Confidential Information and to prevent the disclosure or unauthorized use thereof.

3. **Return of Confidential Information.** Upon the earlier of (a) a written request from the Company or (b) the termination of the relationship between the Company and the Recipient pursuant to which such Confidential Information was entrusted to the Recipient, the Recipient shall promptly return to the Company any and all copies, reproductions or summaries of any documentation or materials containing any Confidential Information.

1

4. **Restrictive Covenant.** The Recipient agrees that during the term of this Agreement he/she will not, without the prior written consent of the Company, directly or indirectly, or in any capacity solicit, entice, persuade, induce or attempt to solicit, entice, persuade or induce, directly or indirectly, any employee, client or customer of the Company to terminate, alter or refrain from extending or renewing any contractual or other relationship of such employee, client or customer with the Company or, where such relationship with the Company is of an exclusive nature, to commence a similar or substantially similar relationship with the Recipient or any competitor of the Company. The Recipient further agrees that he will not cooperate with or assist, directly or indirectly, any person or entity in taking any of the actions prohibited under this Section 4.

5. **Miscellaneous.**

(a) **Successors and Assigns.** This Agreement shall bind and shall inure to the benefit of the Company and any and all of its successors whether by merger, consolidation, transfer of substantially all assets or similar transaction, and it shall bind the Recipient and the heirs and legal representatives of the Recipient.

(b) **Waiver of Breach.** The waiver by the Company of a breach of any provision of this Agreement by the Recipient shall not operate or be construed as a waiver of any subsequent breach by the other.

(c) **Partial Invalidity.** If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions shall nevertheless continue in full force without being impaired or invalidated in any way.

(d) **Governing Law.** The validity of this Agreement and the interpretation and performance of all of its terms shall be governed exclusively by the laws of California without regard to the application of California's principles of conflict of laws.

(e) **Remedies.** The parties agree that in the event of the breach or threatened breach by any party of any one or more of the covenants set forth in this Agreement, the other party would not have any adequate remedy at law. Accordingly, in the event of any such breach or threatened breach, such other party may, in addition to the other remedies which may be available to it, file a suit in equity to enjoin the breaching party from such breach or threatened breach.

INWITNESS WHEREOF, the undersigned have executed this Agreement s of the date first above written.

COMPANY:                    TRINITY BROADCASTING NETWORK

                            By _____

                               _____

                               Title: _____

RECIPIENT:                  *Brittany Koper*

2

## CONFIDENTIALITY AGREEMENT

THIS AGREEMENT is made this _16_ day of _August_, 20_10_ by and among TRINITY BROADCASTING NETWORK, a California corporation (the "Company"), and _Michael Kopes_ the ("Recipient").

WHEREAS, the Recipient and the Company acknowledge that the Company intends to entrust the Recipient with certain business and technical information relating to the Company which may include confidential and proprietary information and trade secrets of the Company;

WHEREAS, the Company is willing to entrust such information to the Recipient only subject to the terms and conditions set forth herein;

NOW, THEREFORE, in consideration of the foregoing premises and the mutual covenants hereinafter set forth, the parties hereto agree as follows:

1. <u>Confidential Information.</u>  The Recipient acknowledges that all information in any form ("Confidential Information") provided by the Company to the Recipient heretofore or hereafter (other than information which has been released by the Company to the general public or is otherwise readily ascertainable from public or published information or sources) constitutes confidential and proprietary information and includes trade secrets of the Company. The Confidential Information may include patents and patent applications; inventions and improvements, whether patentable or not; development projects; algorithms; software and related documentation and materials; and designs, practices, processes, methods, data, know-how, plans, reports, specifications, studies and other information relating to the Company's business, financial matters, sales' marketing, customers and strategic plans and other aspects of the Company's business, financial condition and operations.

2. <u>Confidentiality.</u>  The Recipient shall keep the Confidential Information confidential and shall cause any representative, employee or other person to whom the Company authorizes the Recipient to disclose Confidential Information to keep such Confidential Information confidential. The Recipient covenants that neither the unauthorized use thereof.  Recipient nor such representative, employee or other person shall disclose the Confidential Information to any person or use the Confidential Information for any purpose other than    None

_____

_____

[describe the purposes for which the information was provided to Recipient.]  The obligations of Recipient under this Section 2 shall include the obligation to take all steps necessary to protect the confidentiality of the Confidential Information and to prevent the disclosure or unauthorized use thereof.

3. <u>Return of Confidential Information.</u> Upon the earlier of (a) a written request from the Company or (b) the termination of the relationship between the Company and the Recipient pursuant to which such Confidential Information was entrusted to the Recipient, the Recipient shall promptly return to the Company any and all copies, reproductions or summaries of any documentation or materials containing any Confidential Information.

1

4.  Restrictive Covenant.  The Recipient agrees that during the term of this Agreement he/she will not, without the prior written consent of the Company, directly or indirectly, or in any capacity solicit, entice, persuade, induce or attempt to solicit, entice, persuade or induce, directly or indirectly, any employee, client or customer of the Company to terminate, alter or refrain from extending or renewing any contractual or other relationship of such employee, client or customer with the Company or, where such relationship with the Company is of an exclusive nature, to commence a similar or substantially similar relationship with the Recipient or any competitor of the Company.  The Recipient further agrees that he will not cooperate with or assist, directly or indirectly, any person or entity in taking any of the actions prohibited under this Section 4.

5.  Miscellaneous.

(a)  Successors and Assigns.  This Agreement shall bind and shall inure to the benefit of the Company and any and all of its successors whether by merger, consolidation, transfer of substantially all assets or similar transaction, and it shall bind the Recipient and the heirs and legal representatives of the Recipient.

(b)  Waiver of Breach.  The waiver by the Company of a breach of any provision of this Agreement by the Recipient shall not operate or be construed as a waiver of any subsequent breach by the other.

(c)  Partial Invalidity.  If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remaining provisions shall nevertheless continue in full force without being impaired or invalidated in any way.

(d)  Governing Law.  The validity of this Agreement and the interpretation and performance of all of its terms shall be governed exclusively by the laws of California without regard to the application of California's principles of conflict of laws.

(e)  Remedies.  The parties agree that in the event of the breach or threatened breach by any party of any one or more of the covenants set forth in this Agreement, the other party would not have any adequate remedy at law.  Accordingly, in the event of any such breach or threatened breach, such other party may, in addition to the other remedies which may be available to it, file a suit in equity to enjoin the breaching party from such breach or threatened breach.

IN WITNESS WHEREOF, the undersigned have executed this Agreement s of the date first above written.

COMPANY:                    TRINITY BROADCASTING NETWORK

                            By _____

                               Brittany Koper

                            Title: _____ Assistant Secretary _____


RECIPIENT:                  _____

2